# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE D. PRUDE,

    **Petitioner,**

    v.                                                       **Case No. 11-CV-1005**

WILLIAM POLLARD,

    **Respondent.**

## DECISION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE

Terrance D. Prude ("Prude"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Prude was convicted of five counts of armed robbery, party to a crime and was sentenced to 80 years of imprisonment to be followed by 20 years of probation. In his petition, Prude alleges a violation of due process arising from the sentencing judge's reliance on inaccurate information and erroneous standard of proof.

The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). Previously, the court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases and allowed the case to proceed. The court then ordered respondent Warden William Pollard ("respondent") to answer the petition for a writ of habeas corpus. The respondent answered the petition and the parties subsequently briefed the petition for a writ of habeas corpus. The petition is

ready for resolution. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.[1]

## BACKGROUND

Prude was charged with six armed robberies, endangering safety by using a dangerous weapon, and false imprisonment, party to the crime. (*State v. Prude*, Appeal No. 2004AP554, May 9, 2006, Docket # 18-3 at 2.) Pursuant to plea negotiations, Prude pled guilty to five armed robberies, party to the crime, contrary to Wis. Stat. §§ 943.32(2) and 939.05 (1999-2000). (*Id.*) The State dismissed but read-in the remaining charges and agreed to recommend "very substantial incarceration" without specifying a range or number of years. (*Id.*)

Prior to sentencing, the assistant district attorney advised the court that Prude was responsible for multiple threatening calls made from the jail to one of the armed robbery victims and that the victim and her family had been put under witness protection. (Docket # 20 at 3-5.) The victim testified about the phone calls at the sentencing hearing. In turn, Prude's attorney stated that Prude did not ask anyone to make the calls, but acknowledged that someone may have made at least the first call on his behalf. (Docket # 18-43 at 30.) Prior to imposing sentence the judge commented

> I take in and weigh heavily the comments and statements of the victims in this matter. The fact that one of the victims was contacted while this case was pending, whether it was by you or on your behalf, and told essentially not to testify was truly outrageous. It indicates, Mr. Prude, just how dangerous of an individual you are. That somehow you can think that even in the face of having robbed so many people you would continue to terrorize and try and intimidate people who did nothing more than get in your way.

---

[1] Prude also filed a Motion to Enlarge the Record to include two transcripts relevant to his Petition. (Docket # 12.) The respondent did not oppose the motion and provided the requested transcripts along with his answer to the petition. (Docket # 17.) As such, Prude's Motion to Enlarge the Record is denied as moot.

(*Id.* at 41.) The court then sentenced Prude to five consecutive twenty-year sentences, with the fifth sentence stayed in favor of a twenty-year probationary term. (Docket # 18-13 at 3.)

In September 2008, Prude filed a motion for sentence modification alleging the prosecutor falsely informed the circuit court that he was responsible for the threatening phone calls and that the circuit court had relied on this fact in sentencing him. (*State v. Prude*, 2008AP2552, Mar. 8, 2011, Docket # 18-33 at 2.) In support of his motion, Prude filed three affidavits: from himself, Dayon McIntosh, and Jamaica Wilson. (*Id.* at 3.) In his affidavit, Prude averred that he did not make the calls. (*Id.*) Dayon McIntosh, a fellow inmate, in his affidavit averred that he made the threatening telephone calls at the request of Darniel Johnson, one of Prude's co-actors in the armed robberies, and that Prude did not make the calls nor did he know that the calls were being made. (*Id.*) Finally, Jamaica Wilson averred that McIntosh told him that McIntosh made the calls at Johnson's request and that Prude was unaware of the calls. (*Id.*) The circuit court denied Prude's motion without an evidentiary hearing. (*Id.* at 2.) Prude appealed, and the Wisconsin Court of Appeals remanded the case for an evidentiary hearing. (*Id.*)

On remand, the parties stipulated that Prude was located in the same pod at the county jail as Johnson and McIntosh. (*Id.* at 4.) Prude, Johnson, and McIntosh also testified at the evidentiary hearing. (*Id.*) McIntosh testified consistent with his affidavit, taking full responsibility for the threatening telephone calls. (*Id.*) Johnson testified that he met McIntosh while in custody at the county jail. But, he denied ever attempting to contact the victim or asking McIntosh to contact the victim. (*Id.*) Prude testified that Johnson admitted to him that he was responsible for asking McIntosh to make the calls. (*Id.* at 5.)

- 3 -

Case 2:11-cv-01005-NJ    Filed 08/13/12    Page 3 of 16    Document 23

The circuit court denied Prude's sentence modification motion, noting the conflicting testimony provided by the various witnesses and discrepancies in the testimony relating to the timing of the telephone calls and the statements purportedly made during the calls. (*Id.*). The court found that, while it was "certainly in the realm of possibility that someone other than Mr. Prude made those calls," Prude failed to meet his burden to prove that someone else was responsible for the threatening calls. (Docket # 18-47 at 5.) The court concluded: "I do not find it at all clear and convincing that someone else other than Mr. Prude had made calls to this victim in Mr. Prude's case or had coerced anyone else to do so." (*Id.* at 5-6.)

Subsequently, the matter was returned to the court of appeals which affirmed the circuit court's denial of Prude's motion for sentence modification. In so affirming the Wisconsin Court of Appeals stated as follows:

> After listening to the testimony of McIntosh, Johnson, and Prude, the circuit court made credibility determinations and found that Prude did not meet his burden of proving by clear and convincing evidence that someone else either made or instigated the calls. Where there is conflicting testimony, the circuit court is the ultimate arbiter of the credibility of witnesses. *See Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979). "When more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the inference drawn by the trier of fact." *Id.* Accordingly, we defer to the circuit court's assessment of the witnesses' credibility.

(Docket # 18-33 at 7.) Additionally, as to Prude's challenge to the standard of proof applied, the court of appeals held that "[b]ecause this court will not consider matters raised for the first time on appeal, we do not consider this argument further" (internal citations omitted). (*Id.* at 7-8.)

Prude subsequently filed a petition with the Wisconsin Supreme Court for review (Docket # 18-35), which was denied on September 1, 2011. (Docket # 18-36.) Prude then filed the instant petition for writ of habeas corpus on October 26, 2011.

- 4 -

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under the AEDPA, a petitioner is only entitled to habeas relief when the decision of the last state court to consider the case is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court applies a rule that conflicts with a rule identified by the Supreme Court, or if the state court reaches a different conclusion than the Supreme Court in a case with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A decision involves an unreasonable application of clearly established law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. Under both tests, mere error is not sufficient; a state court's decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).

A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error." *Morgan v. Hardy*, 662 F.3d 790, 798 (7th Cir. 2011). On habeas review, the court will presume state factual findings to be correct, unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Ben-Yisrayl v. Buss*, 540 F.3d 542, 546 (7th Cir. 2008). The presumption of correctness also applies to factual findings made by a state court of review based on the trial record. *Buss*, 540 F.3d at 546. "If the petitioner can show that the state court determined the underlying factual issue against the clear and convincing weight of the evidence, the petitioner has not only established that the court committed error in reaching a decision based on that faulty factual

premise, but has also gone a long way towards proving that it committed unreasonable error." *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003). "A state court decision that rests upon a determination of fact that lies against the clear weight of the evidence is, by definition, a decision 'so inadequately supported by the record' as to be arbitrary and therefore objectively unreasonable." *Id.* (internal quotation and citation omitted).

## ANALYSIS

Prude asserts two grounds for relief. First, Prude contends that he was sentenced based on false or inaccurate information that he threatened a victim while his criminal case was pending, thereby violating his due process rights. Second, he argues that he was erroneously required to prove the inaccurate information by the clear and convincing standard. Although the two claims are essentially two parts of the same issue, the Court will address each in turn.

### *1. Inaccurate Information at Sentencing Claim*

#### 1.1 Procedural Default

As his first ground for relief, Prude asserts that he was sentenced on inaccurate information, in violation of his right to due process. As a preliminary matter, the Court first must address the respondent's position that Prude procedurally defaulted this claim because the Wisconsin Court of Appeals decided it on independent and adequate state law grounds.

The procedural default doctrine bars a federal district court from hearing either a claim which was never presented to the state courts, or a claim that was denied on adequate and independent state law grounds. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). An adequate and independent state ground for dismissal includes a state procedural rule. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). Therefore, a federal court is precluded from conducting federal habeas corpus review

when a state court did not reach a federal issue because it applied a state procedural rule. "To conclude that a procedural default constitutes an independent basis for the state court's ruling, [the court] must be convinced that the last state court to consider the question actually relied on procedural default as the basis for its decision," rather than deciding the case on the merits. *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). "The state court therefore must have 'clearly and expressly' relied on procedural default as the basis of its ruling." *Id.*

Applying this standard here, Prude's sentencing claim has not been procedurally defaulted. The court of appeals addressed the merits of Prude's inaccurate information at sentencing claim; it did not rely on a procedural bar. (Docket # 18-33 at 6.) And Prude raised this issue in his petition for review before the Wisconsin Supreme Court. Thus, Prude's claim that his due process was violated when he was sentenced on false or inaccurate information is properly before this Court.

### 1.2 Merits

A defendant has a constitutional right to be sentenced based on accurate information. *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010). A defendant who requests resentencing due to the use of inaccurate information at the original sentencing must show both that the information before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing. *United States v. Tucker*, 404 U.S. 443, 446-47 (1972); *United States ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir. 1984).

In reviewing Prude's claim, the Wisconsin Court of Appeals found that sentence modification is warranted where a defendant establishes: (1) that a new factor exists and (2) that the new factor justifies sentence modification. (Docket # 18-33 at 6.) The court of appeals further stated that "[e]rroneous or inaccurate information used at sentencing may constitute a new factor if it was highly

- 7 -

Case 2:11-cv-01005-NJ    Filed 08/13/12    Page 7 of 16    Document 23

relevant to the imposed sentence and was relied upon by the trial court." (*Id.*) This analytical framework comported with the correct due process considerations set forth in *Tucker*. Accordingly, it was not contrary to federal law.

Because the court of appeals proceeded under the appropriate legal framework, the Court next turns to whether its application of the law to the facts was unreasonable. 28 U.S.C. § 2254(d)(1). The court of appeals reviewed the record from the hearing on remand and found that Prude did not meet his burden of proving by clear and convincing evidence that someone else either made or instigated the threatening telephone calls. (*Id.* at 7.) The court of appeals upheld the circuit court's credibility determinations on the grounds that "[w]hen more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the inference drawn by the trier of fact." (*Id.*) As previously noted, on habeas review, the federal courts will presume state factual findings to be correct, unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Buss*, 540 F.3d at 546.

Prude argues that the circuit court, in denying his motion to modify sentence, "stipulat[ed] to the fact that the court does believe that Prude was sentence [sic] on inaccurate information,"(Docket # 2 at 10) because the judge stated:

> ...while I do find it is certainly in the realm of possibility that someone other than Mr. Prude made those calls, the burden on the moving party here is to present this Court clear and convincing evidence, and I do not find it at all clear and convincing that someone else other than Mr. Prude had made calls to this victim in Mr. Prude's case or had coerced anyone else to do so.

(Docket # 18-47 at 5-6). In other words, Prude suggests that on remand the circuit court conceded that the information was inaccurate, or at a minimum undermined the sentencing judge's finding. The Court disagrees. Prude overemphasizes the "in the realm of possibility" portion of the judge's

- 8 -

statement. It does not follow that because the judge acknowledged it was "in the realm of possibility" that Prude did not make the calls, that the judge was stipulating to the fact that Prude was sentenced on inaccurate information. To the contrary, as stated above, the judge concluded that he did not "find it at all clear and convincing that someone else other than Mr. Prude had made calls to this victim in Mr. Prude's case or had coerced anyone else to do so." (*Id.*) Thus, under the AEDPA strictures, Prude fails to rebut the presumption that the state's factual findings are correct.

Additionally, Prude has failed to show that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In discounting McIntosh's testimony that he made the calls without Prude's knowledge, the judge considered the fact that McIntosh had ten convictions and his testimony regarding what he said to the victim was inconsistent with the victim's statement as to what was said to her. (*Id.* at 3-4.) The judge further considered the fact Johnson testified that he did not make the calls and the fact Prude was the only defendant still awaiting adjudication at the time the calls were placed. (*Id.* at 4-5.) These are all appropriate considerations for a fact-finder. Under these circumstance, this Court cannot say that the court of appeals acted unreasonably in affirming the circuit court's factual and credibility findings.

In sum, the court of appeal's decision to affirm the denial of Prude's motion for resentencing was not contrary to clearly established federal law; did not involve an unreasonable application of clearly established federal law; and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, ground one of Prude's habeas petition fails.

- 9 -

## *2. Erroneous Standard of Proof Claim*

### 2.1 Procedural Default

Prude next contends that the court of appeals applied the wrong standard of proof: clear and convincing rather than "actual reliance." The respondent argues that Prude procedurally defaulted this claim by failing to comply with the state procedural rule that arguments must first be made to the circuit court to be heard on appeal.

To repeat, the procedural default doctrine bars a federal district court from hearing either a claim which was never presented to the state courts, or a claim that was denied on adequate and independent state law grounds. *Perruquet*, 390 F.3d at 514. A federal court is precluded from conducting federal habeas corpus review when a state court did not reach a federal issue because it applied a state procedural rule. A state postconviction court's finding that a party waived his claim is considered such a procedural rule establishing an adequate and independent state ground for denying a claim. *Id.*

Procedural default bars federal habeas relief "unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted).

Here, the Wisconsin Court of Appeals declined to reach the merits of Prude's standard of proof claim because Prude did not argue the issue before the circuit court and the court of appeals does not consider matters raised for the first time on appeal. (Docket # 18-33 at 7-8.) Therefore, the court of appeals made its decision on a state procedural basis and not on any federal grounds. Accordingly, this claim is procedurally defaulted unless Prude meets one of the exceptions.

### 2.2 Exceptions to Procedural Default

Prude argues that he meets either exception to the procedural default bar. (Docket # 2 at 1-2). As to cause and prejudice, Prude states that Wisconsin has conflicting standards of law regarding resentencing due to false or inaccurate information and his attorney was under the misimpression that the "clear and convincing evidence" standard was the correct standard applied to sentence modification; thus, his attorney failed to object to the clear and convincing evidence standard. (*Id.*) Prude states he did not become aware of the fact the clear and convincing evidence standard was incorrect until the attorney general cited *State v. Tiepelman*, 2006 WI 66, 291 Wis. 2d 179, 717 N.W.2d 1, in his brief and thus Prude raised the issue in his reply brief. (*Id.*)

Alternatively, Prude argues the denial of relief will result in a miscarriage of justice because he is "actually innocent" of the allegation that he made the threatening telephone calls. In support of this assertion, Prude cites the fact the sentencing judge initially found Prude made the telephone calls; however, the judge conducting the evidentiary hearing on remand, though finding Prude made the telephone calls, also made the statement that it is "certainly in the realm of possibility that someone other than Mr. Prude made those calls." (*Id.* at 4.)

"Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor*, 628 F.3d at 887. "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* Prude argues that cause exists to excuse his procedural default because he received ineffective assistance of counsel when his attorney failed to inform him of the correct standard of proof. "Ineffective assistance of counsel can constitute cause to set aside a procedural bar." *Id.*

Prude is mistaken that Wisconsin has a conflicting standard of law for a defendant to establish that his due process rights were violated based on the trial court's use of false or inaccurate information in its sentence. In *Tiepelman*, the Wisconsin Supreme Court held that in a motion for resentencing alleging the sentencing judge relied on inaccurate information, a defendant must establish both that there was inaccurate information before the sentencing court and that the sentencing court actually relied on the inaccurate information. 2006 WI 66, ¶ 2. In so holding, the supreme court withdrew "any language" in prior cases, such as *State v. Littrup*, 164 Wis. 2d 120, 473 N.W.2d 164 (Ct. App. 1991), "to the contrary." *Id.* Specifically, cases prior to *Tiepelman* that held a defendant must show prejudicial reliance as opposed to actual reliance. *Id.*

However, these prior cases also found that a defendant must establish the inaccuracy of the information and prejudicial reliance by clear and convincing evidence. *State v. Groth*, 2002 WI App 299, ¶ 22, 258 Wis. 2d 889, 655 N.W.2d 163. In *Tiepelman*, the supreme court declined to address whether the defendant's burden of proof was "clear and convincing evidence." 2006 WI 66, ¶ 25 n.5.

But, subsequent to *Tiepelman*, the Wisconsin Supreme Court clarified the defendant's burden of proof in due process claims of improper sentencing based on inaccurate information, stating: "We now make clear what has been recognized in factually analogous cases: the standard of proof is clear and convincing evidence." *State v. Harris*, 2010 WI 79, ¶ 34, 326 Wis. 2d 685, 786 N.W.2d 409. The court further explained that it did not overrule *Littrup* in *Tiepelman*; rather, it merely withdrew the language from *Littrup* concerning whether defendants had to show "prejudicial reliance" as opposed to "actual reliance." *Harris*, 2010 WI 79, ¶ 34 n.12. The court stated, "[w]e did not overrule *Littrup*, and our withdrawal of language did not affect the *Littrup* court's conclusion as to the proper burden of proof." *Id.*

With this background in mind, the correct burden under Wisconsin law for due process claims of improper sentencing based on inaccurate information is indeed clear and convincing evidence. Consequently, Prude cannot show that his attorney was ineffective for not informing him of the correct standard.[2] Thus, Prude has not shown cause and prejudice for his procedural default.

Nor has Prude shown denial of relief from the procedural default will result in a miscarriage of justice. The Seventh Circuit law is clear that relief under this exception "is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). To show "actual innocence," Prude "must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." *Id.* While Prude claims innocence of making the threatening phone calls, his petition challenges his sentence, not his convictions. *See id.* He does not claim to be wrongly convicted of a crime he did not commit. Thus, there has been no "fundamental miscarriage of justice." *See id.* Prude, therefore, has procedurally defaulted ground two of his habeas petition and thus is not entitled to relief on that ground.

But, even considering the merits of ground two, Prude would not be entitled to relief because the state court's decision was not contrary to clearly established federal law as established by the United States Supreme Court. The Wisconsin Court of Appeals found Prude did not meet his burden of proving by "clear and convincing" evidence that someone else either made or instigated the calls. (Docket # 18-33 at 7.) As stated earlier, a defendant who requests resentencing due to the use of inaccurate information at the original sentencing must show both that information before the

---

[2] At any rate, Prude did not raise this issue before the Court of Appeals. (Docket # 18-32 at 5-6.) "[A] claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim as well." *Promotor*, 628 F.3d at 887. And Prude has not shown cause and prejudice to excuse this default.

- 13 -

sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing. *Tucker*, 404 U.S. at 446-47; *Lane*, 738 F.2d at 865.

The parties have not cited, and this Court has not found, any Supreme Court law addressing the proper standard or degree of proof a defendant must meet to show these two elements. When there is no clearly established Supreme Court law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006). Ground two of Prude's habeas petition would also fail on the merits.

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits, to make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Each

- 14 -

Case 2:11-cv-01005-NJ   Filed 08/13/12   Page 14 of 16   Document 23

showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

In this case, as to Prude's sentencing claim, which is dismissed on the merits, reasonable jurists would not find the court's decision to deny the petition debatable or wrong. The Wisconsin court made credibility determinations regarding whether the information Prude was sentenced on was inaccurate or false. A federal habeas court is generally required to accept state court credibility determinations under the AEDPA. *Virsnieks v. Smith*, 521 F.3d 707, 715 (7th Cir. 2008). It was Prude's burden to rebut this presumption of correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Prude has not made a substantial showing that he was denied his due process right to be sentenced on accurate information. Given the arguments and evidence presented by Prude and Prude's burden of showing the state court's credibility determinations were incorrect, Prude has not demonstrated that reasonable jurists could debate whether the petition should have been resolved in a different manner.

The Court will also deny a certificate of appealability as to Prude's standard of proof claim, which is dismissed on procedural grounds. Jurists of reason would not find it debatable whether this Court was correct in its procedural default ruling. The Wisconsin Court of Appeals was explicit in declining to address this issue based on state procedural rules. Reasonable jurists could not debate this. Additionally, reasonable jurists could not debate Prude's failure to meet the exception to the procedural bar. Moreover, even if the merits of Prude's claim were reached, reasonable jurists could not debate that the standard of proof applied in Prude's case was not contrary to federal law.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.


Dated at Milwaukee, Wisconsin this 13th day of August, 2012.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge